UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In Re:  Chhatrala Grand Rapids, LLC,
       *dba* Crowne Plaza Grand Rapids
       *nka* Bhogal Enterprises, LLC

       Debtor.
_____/

Chapter 11 Bankruptcy Proceeding
Filed:  September 16, 2019
Case No.  19-03908-jtg
Hon. John T. Gregg

In Re:  Bhogal Enterprises, LLC,
       *fka* Chhatrala Grand Rapids, LLC
       *dba* Crowne Plaza Grand Rapids

       Debtor.
_____/

Chapter 11 Bankruptcy Proceeding
Filed:  September 16, 2019
Case No.  19-03909-jtg
Hon. John T. Gregg

## LIMITED OBJECTION BY CREDITOR ACCESS POINT FINANCIAL, LLC TO DEBTOR'S FIRST MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF[1]

Creditor, Access Point Financial, LLC ("**Access Point**"), by and through its counsel, Keller & Almassian, PLC, hereby objects to the First Day Motion for Use of Cash Collateral, Regarding Adequate Protection and Related Relief (D.N. 10) for the following reasons:

1. On September 16, 2019, Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC ("**Debtor**") filed voluntary Chapter 11 petitions.

2. Access Point is the senior secured lender for the Debtor pursuant to the terms and conditions of, among other things, the following financing documents:

> <u>Access Point Financial Notes and Mortgage</u>. Defendant Chhatrala entered into two promissory notes with a combined indebtedness of $15,000,000.00 with Plaintiff on October 10, 2017 ("**Promissory Notes**"). The Promissory Notes are secured by a first priority mortgage on 5700 28th Street SE, Grand Rapids, MI 49546 ("**Mortgage**"). The mortgaged property is operated by Chhatrala as a Crowne Plaza Hotel. Defendants Surinder Bhogal and Bhavneet Bhogal ("**Guarantors**")

---

[1] Access Point filed Motion For an Order to Prohibit Use of Rents and Cash Collateral or in the Alternative Confirming that No Stay is in Effect at D.N. 26 and reserves its arguments as to use of hotel revenues.

guaranteed the repayment of the indebtedness under the Promissory Notes. The indebtedness is also secured by an Equipment Loan Security Agreement dated October 10, 2019 ("**Security Agreement**") and Assignment of Leases and Rents ("**Assignment of Rents**"). The Promissory Notes, Mortgage, Guarantees, Security Agreement and Assignment of Rents are collectively referred to herein as "Loan Documents." Plaintiff has properly perfected its collateral security interest by filling a UCC-1 financing statement.

3. Access Point objects to the Debtor's use of cash collateral, because, among other reasons:

   A. The Debtor has failed to provide the Lender with adequate protection under 11 U.S.C. § 363(e);
   B. The budget attached to Debtor's First Day Motion lists "Undistributed Operating Expenses" including Administrative and General at $50,011, Sales and Marketing at $91,459, and Property Operation and Maintenance at $46,330. See **Exhibit 1**;
   C. Access Point requests a budget that further details these "Undistributed Operating Expenses."
   D. Debtor's principal lives in California, dissolved the Debtor entity Chhatrala in February of 2019, has abandoned the property to Marshall Hotels, and has apparently used the corporate bank account for significant personal expenses. Access Point requests the Court authorize Marshall Hotel's agents, Robert Bruning or Nancy Kane, to have exclusive control of Debtor's bank accounts;
   E. Approximately $14,000,000 in hotel improvements are necessary, which Debtor cannot fund. See **Exhibit 2**. Access Point requests monthly adequate protection payments;
   F. Access Point made a protective advance 14 days ago at Marshall Hotel's request to pay critical vendors;
   G. The Debtor relies on the 2017 Access Point appraisal as described in paragraph 12 of its First Day Motion at DN 10. However, the values of the appraisal include an "Extraordinary Assumption" on page 3 of the appraisal. One such assumption is completion of a property improvement of $7,500,000 by January

1, 2020. This impacts the values and the equity cushion that might have otherwise existed. **Exhibit 3**.

H. Sealgaire Construction Services, President Michael Gehling writes that the Property Improvement Plan requirements are approximately $14,000,000, which severely effects the 2017 appraisal relied upon by debtors to suggest an equity cushion enjoyed by the lenders.

I. Access Points' loans consist of an acquisition loan of approximately $10,000,000 and an equipment loan of $4,800,000. The equipment loan was to be used for significant hotel room renovation. Upon information and belief, two rooms were renovated. Lender is not certain how the balance of the proceeds were used.

J. Marshall Hotels was retained by the Debtor to manage the hotel. Debtor has not paid Marshall Hotels and a pre-petition balance is owed at approximately $100,000.

4. Access Point requests assurance, as part of any Cash Collateral Order, that neither Shurinder Bhogal or Bhavneet Bhogal shall be paid wages, consulting fees, draws or be otherwise transferred any of Debtor funds in any form to them, their entities, or related affiliates or parties. Access Point further requests that all payments will be approved exclusively through an agent at Marshall Hotels, or the Pre-Petition Receiver should the Court so order.

5. For the reasons set forth herein, and subject to Access Point receiving a revised budget, adequate protection, and confirmation that neither Bhogals or their entities will receive Debtor funds and such other grounds as the Lender may raise at the hearing on the First Day Motion, the Lender is prepared to authorize Interim Use of Cash Collateral.

6. Access Point reserves its rights regarding hotel revenues not being property of the estate with Debtor having no right to use such proceeds.

7. The attorneys will work through an interim cash collateral order by the end of the day. The real issue for all parties to consider is the seasonal nature of the hotel business. By the end of October and through the winter, the hotel will need cash from sources other than operating income. An evidentiary Hearing on feasibility and all factors related to 11 USC 1112(b) and 305 is critical before a secondary insolvency. This should be in the hands of Marshall Hotels and the State Court Receiver.

WHEREFORE, the Lender respectfully request that this Court:

(a) Enter an Order in a form satisfactory to the Lender authorizing the Debtor's use of cash collateral through October 11, 2019, but prohibiting the Debtor from using cash collateral to fund any monies to the Bhogals individually or their related non-debtor entities or affiliates, granting adequate protection to Access Point, and requiring Debtor to provide a revised budget.

(b) Enter an Order denying the Debtor's request for a permanent Order authorizing the use of cash collateral; and

(c) Grant such relief as is just and appropriate.
.

                                     Respectfully submitted,
                                     Keller & Almassian PLC
                                     Attorneys for Access Point Financial, LLC

Dated: September 18, 2019                 By:   /s/ A. Todd Almassian
                                                       A. Todd Almassian (P55467)
                                                       Michael D. Almassian (P61478)
                                                       Greg J. Ekdahl (P67768)
                                                       230 Fulton Street East
                                                       Grand Rapids, MI 49503
                                                       (616) 364-2100