UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

| | |
|---|---|
| CHHATRALA GRAND RAPIDS, LLC, | Chapter 11<br>Case No. 19-03908 |
| Debtor. | Hon. John T. Gregg |
| _____) | |

In re:

| | |
|---|---|
| BHOGAL ENTERPRISES, LLC, | Chapter 11<br>Case No. 19-03909 |
| Debtor. | Hon. John T. Gregg |
| _____) | |

**STIPULATION TO ENTRY OF INTERIM ORDER
GRANTING FIRST DAY MOTION OF DEBTORS
FOR ENTRY OF ORDER (I) AUTHORIZING BUT NOT
DIRECTING THE DEBTORS TO PAY CERTAIN PREPETITION
WAGES, AND (II) GRANTING RELATED RELIEF**

Debtors, Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC, and the Office of the U.S. Trustee stipulate to entry of the attached proposed Interim Order. Also attached is a redline of the order reflecting changes made subsequent to the filing of the motion.

| | |
|---|---|
| Steinberg Shapiro & Clark | Without objection,<br>Daniel M. McDermott<br>United States Trustee<br>Region 9 |
| /s/ Mark H. Shapiro (P43134)<br>Attorney for Debtor<br>25925 Telegraph Rd., Suite 203<br>Southfield, MI 48033<br>(248) 352-4700<br>shapiro@steinbergshapiro.com | /s/ with consent Matthew W. Cheney (P80991)<br>Assistant United States Trustee<br>125 Ottawa Ave, NW, Suite 200R<br>Grand Rapids, MI 49503<br>(616) 456-2002 ext 116<br>matthew.w.cheney@usdoj.gov |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,   Chapter 11
                                Case No. 19-03908
        Debtor.                 Hon. John T. Gregg
_____)

In re:

BHOGAL ENTERPRISES, LLC,       Chapter 11
                                Case No. 19-03909
        Debtor.                 Hon. John T. Gregg
_____)

**INTERIM ORDER GRANTING FIRST DAY MOTION OF DEBTORS
FOR ENTRY OF ORDER (I) AUTHORIZING BUT NOT DIRECTING THE DEBTORS
TO PAY CERTAIN PREPETITION WAGES,
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC, as Debtors and Debtors-in-Possession in the above-captioned Chapter 11 cases (the "**Debtors**"), pursuant to Sections 105(a), 363 and 507 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the Debtors (i) authority, but not direction, to pay certain prepetition Payroll Obligations[1] and Payroll Taxes and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and objections filed by the Office of the United States Trustee having been resolved; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis on September 18, 2019 (the "**Interim Hearing**"); and upon the record of the Interim Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and the estate as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and the estate after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, the estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein. This Court's Stipulated Order for Limited Use of Cash Collateral to Fund Payroll Obligations entered in In re Chhatrala Grand Rapids, LLC, Case Number: 19-03908-jtg at Document Number 25 is incorporated by reference.

2. The Debtors are authorized, but not directed, pursuant to Sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay and honor all prepetition Payroll Obligations and Payroll Taxes due and payable as of the Commencement Date, subject to the limitations set forth at Sections 507(a)(4) and (a)(5) of the Bankruptcy Code, including the $12,850 maximum payment per individual.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Payroll Obligations and Payroll Taxes.

5. Any partial payments must be made *pro rata*.

6. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

7. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under Section 365 of the Bankruptcy Code.

8. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the rights of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

9. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

13. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

14. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

16. The Final Hearing on the Motion shall be held on _____, 2019, at \_\_\_\_\_ **(EST)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the Office of the United States Trustee; and (ii) counsel for the Debtor-in-Possession, Steinberg Shapiro & Clark, so as to be received no later than **4:00 p.m. (EST) on _____, 2019**.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,          Chapter 11
                                       Case No. 19-03908
      Debtor.                          Hon. John T. Gregg
_____)

In re:

BHOGAL ENTERPRISES, LLC,              Chapter 11
                                       Case No. 19-03909
      Debtor.                          Hon. John T. Gregg
_____)

**INTERIM ORDER GRANTING FIRST DAY MOTION OF DEBTORS
FOR ENTRY OF ORDER (I) AUTHORIZING BUT NOT DIRECTING THE DEBTORS
TO PAY CERTAIN PREPETITION WAGES,
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC, as Debtors and Debtors-in-Possession in the above-captioned Chapter 11 cases (the "**Debtors**"), pursuant to Sections 105(a), 363 and 507 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the Debtors (i) authority, but not direction, to pay certain prepetition ~~amounts, and maintain and continue to honor and pay, in its sole discretion, all amounts with respect to the Workforce Obligations,[1]~~ Payroll Obligations[2] and Payroll Taxes and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] ~~Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.~~

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

§§ 157(a)-(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and objections filed by the Office of the United States Trustee having been resolved; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis on September 18, 2019 (the "**Interim Hearing**"); and upon the record of the Interim Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and the estate as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and the estate after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, the estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein. This Court's Stipulated Order for Limited Use of Cash Collateral to Fund Payroll Obligations entered in In re Chhatrala Grand Rapids, LLC, Case Number: 19-03908-jtg at Document Number 25 is incorporated by reference.

~~3.~~

4. The Debtors are authorized, but not directed, pursuant to Sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay and honor all prepetition ~~obligations associated with~~

2

~~the Workforce Obligations and to continue programs and maintain funding in the ordinary course of business, including from cash collateral, as described in the Motion, including on account of: (a) Unpaid Compensation; (b) Deductions and Payroll Taxes; and (c) Supplemental Workforce Obligations; (each as defined herein); *provided* that, the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Commencement Date and amounts that are or become due and payable between the Commencement Date and the date that a final order on the Motion is entered, unless otherwise ordered by the Court; *provided, further*, that, pending entry of a final order, the Debtors shall not pay or honor Unpaid Compensation, Reimbursable Expenses, or amounts due under the PTO Policy in amounts in excess of the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.~~

~~5.~~2.   ~~Nothing herein restricts the Debtors' ability to modify or discontinue any benefit program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, in its sole discretion without prior approval of this Court, subject to any contractual or non-bankruptcy law limitations.~~Payroll Obligations and Payroll Taxes due and payable as of the Commencement Date, subject to the limitations set forth at Sections 507(a)(4) and (a)(5) of the Bankruptcy Code, including the $12,850 maximum payment per individual.

~~6.~~3.   The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

7.4. The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the WorkforcePayroll Obligations and Payroll Taxes.

5. Any partial payments must be made *pro rata*.

8.6. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

9.7. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under Section 365 of the Bankruptcy Code.

10.8. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the rights of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

11.9. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.10. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

4

~~13.~~ 11. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

~~14.~~ 12. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

~~15.~~ 13. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

~~16.~~ 14. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

~~17.~~ 15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

~~18.~~ 16. The Final Hearing on the Motion shall be held on _____, 2019, at \_\_\_\_\_ **(EST)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the Office of the United States Trustee; and (ii) counsel for the Debtor-in-Possession, Steinberg Shapiro & Clark, so as to be received no later than **4:00 p.m. (EST) on _____, 2019**.

5