UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,                    Case No. 19-03908-jtg
                                                Chapter 11
                    Debtor.                     Hon. John T. Gregg
_____/

In re:

BHOGAL ENTERPRISES, LLC,                        Case No. 19-03909-jtg
                                                Chapter 11
                    Debtor.                     Hon. John T. Gregg
_____/

### DEBTORS' MOTION FOR AUTHORITY TO CONTINUE/ESTABLISH CASH MANAGEMENT PROCEDURES, INCLUDING LIMITED USE OF EXISTING BANK ACCOUNTS AND USE OF MANAGEMENT COMPANY

### CHHATRALA GRAND RAPIDS, LLC and BHOGAL ENTERPRISES, LLC,

Debtors and Debtors-in-Possession in the above-captioned Chapter 11 cases, through their counsel, Steinberg Shapiro & Clark, respectfully move this Court for approval of the following Motion and in support thereof, states the following:

### **Background**

1.      On September 16, 2019, (the "Commencement Date"), Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC, commenced with this Court voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2.      Chhatrala Grand Rapids, LLC ("Chhatrala") and Bhogal Enterprises, LLC ("Bhogal", and collectively "Debtors") operate as the Crowne Plaza Grand Rapids, a 320-room full-service hotel built in 1980. Chhatrala was acquired by its current owners in October 2017 when they purchased its equity. The property features all traditional services of an upscale hotel of this size with other amenities including a restaurant, lounge, fitness facility, indoor/outdoor swimming pool, business center, sundries shop and meeting spaces.  The hotel is in an ideal location, approximately 12 miles from Downtown Grand Rapids and 4.4 miles from the Gerald Ford International Airport.

3.      Consistent with their purchase of the equity of Chhatrala in 2017, Debtors' principals formed Bhogal to acquire the assets and liabilities from Chhatrala.

4.      The Debtors' financial issues are primarily a factor of the cost of improvements required by the Debtors' franchisor, including that the Debtors use certain expensive contractors, and Debtors' inability to fund these improvements.  The inability to fund improvements has capped the amounts the Debtors can charge for rooms, and has impaired the Debtors' ability to service their debt.

5.      While a transfer of the franchise agreement from Chhatrala to Bhogal was effected prior to the commencement of these proceedings, and additional bank accounts were opened in the name of Bhogal, a complete transfer was not effected prior to the filing of these cases.  Debtors have filed a motion for substantive consolidation to treat the assets and liabilities of each of the Debtors as the assets and liabilities of Bhogal Enterprises, LLC and effectively complete the process started by the Debtors in February 2019.

**Jurisdiction**

6.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7.        By this Motion, the Debtors request authority, pursuant to Sections 105(a), 363, 503 and 507(a) of the Bankruptcy Code, but not direction, to:  (a) maintain existing bank accounts; (b) continue its prepetition cash management system (with certain changes required by the Office of the U.S. Trustee), as described below; and (c) continue its prepetition cash and accounting systems, while otherwise fully complying with the Office of the U.S. Trustee's Operating Guidelines for Chapter 11 Debtors in Possession (the "Operating Guidelines").

**Prepetition Cash Management System**

8.        Debtor, Chhatrala, previously held a franchise agreement with Intercontinental Hotels Group, PLC ("IHG"), for the operation of the hotel property located at 5700 28th Street, SE in Grand Rapids, Michigan.  In approximately August of this year, the franchise agreement was assigned to Bhogal Enterprises, as part of a restructuring of the Debtors' operations. Pursuant to the franchise agreement, the Debtors operate as a Crowne Plaza Hotel and enjoy the benefits of IHG's governance, support, reputation and reservation system. The franchise agreement is an executory contract that is likely to be assumed at some point in these proceedings.

9.        As part of the franchise agreement, the Debtors are required to retain the services of a management company.  At the date of filing, the management company whom the Debtors engaged was Marshall Hotels & Resorts, Inc. ("Marshall").  According to the express terms of

the "Marshall Hotels & Resorts, Inc. Management Agreement" (the "Management Agreement")
entered into by and between the Debtors and Marshall, Marshall is engaged to "manage, market
and operate the Hotel".

10.      Among the specific tasks performed pursuant to the Management Agreement,
Marshall provides accounting services to the Debtor and manages its payables.  The logistics of
Marshall's prepetition services in connection with the Debtors' payables was/is as follows:
Debtors, Chhatrala and Bhogal Enterprises each maintain two (2) checking accounts with Bank
of America.  The accounts maintained by Bhogal Enterprises are not relevant to the present
Motion.  Chhatrala's Bank of America checking account ending in 4372 is referred to as the
"Operating Account", while the Bank of America checking account ending in 5841 is referred to
as the "Liquor Account" because it is used to pay for liquor purchases at the hotel, which
generally require the delivery of a manual check, provided to the distributor at the time alcoholic
deliveries are made to the Hotel.  The Operating Account is where all room revenues and
merchant transactions other than the restaurant revenues are deposited, and is the main source of
funding for payment of Debtors' operational expenses.

11.      In the usual course of business prior to filing, Marshall and the Hotel's Director of
Finance, Vicki Kloska, would assemble all outstanding payables owed by the Debtors, and
present a list of the payables due to be paid to the Debtors' principals, Simi or Sam Bhogal.  Mr.
or Mrs. Bhogal would review the funds on hand in the Operating Account; and then instruct
Marshall to wire transfer funds in a specific amount from the Operating Account to an account
maintained by Marshall at PNC Bank.  Upon information and belief, the PNC account is held by
Marshall, but as a custodian of Chhatrala.  Checks issued from the PNC account bear the name
of  Chhatrala and/or Crowne Plaza, Grand Rapids. The only funds deposited to the PNC account

are the Debtor, Chhatrala's funds, and the funds transferred are essentially the amounts necessary to pay Chhatrala's obligations.[1]

12.     Toward the latter period preceding the Chapter 11 filing, and while the Debtor was trying to cover its renovation costs from operating revenues, there was frequently less than the amount necessary to pay the outstanding bills of Chhatrala.  When this occurred, Sam or Simi Bhogal would advise Marshall and Ms. Kloska of which debts to pay and which should be held until additional funds were available to pay the obligation.

13.     From the PNC account, Marshall would cut checks to pay the Debtors' obligations and post the payments to the accounting system used by the Debtor and maintained by Marshall.  Having Marshall cut checks and post payments to the accounting system removed a significant burden from the Debtor's responsibilities as well as enabling Marshall to generate up-to-date financial reports at any given time and track financial performance of the Debtor. Since the filing date, and due to concerns about violating the Operating Guidelines, the Debtor has not allowed Marshall access to the Operating Account, and has been cutting manual checks to pay all bills for the Hotel.  The check-writing and consequent posting of transactions to the Debtor's accounting system is taking away from the valuable time of the Debtor's Director of Finance and making it difficult to perform other, just as important duties necessary to the

---

[1]   For purposes of clarity, Bhogal Enterprises is not a party to the Management Agreement, and nothing in the present motion is intended to affect any disposition of the funds in or being accumulated by Bhogal, until and unless the estates of Chhatrala and Bhogal Enterprises are substantively consolidated pursuant to the Debtors' pending motion for such relief.  Until then this motion would apply to Bhogal, its assets and liabilities only insofar as keeping existing bank accounts open and Marshall using Chhatrala funds to pay franchise fees owed to IHG which, because of the prepetition transfer of the franchise agreement to Bhogal, could be characterized as a Bhogal, and not a Chhatrala obligation.  Because Chhatrala receives all of the revenue relating to the operation of the hotel except for the restaurant receipts, it is only logical that it pay the franchise fees.  The Debtors submit this is just another reason for consolidating the estates per the pending Motion.

operation of the Hotel and the progress of the Chapter 11 proceedings. For this, and many other reasons to be addressed in a subsequent Motion, the Debtor intends to assume its executory contract with Marshall, and has engaged in ongoing discussions with the US Trustee about an acceptable deviation from strict adherence with the Operating Guidelines.

14.     During the Initial Debtor Interview (IDI) conducted on September 19, 2019, and in subsequent conversations with the US Trustee , the Debtor has discussed preserving some or all of its existing cash management functions, with modifications to accommodate the US Trustee's Guidelines and security concerns. Upon information and belief, the US Trustee has no opposition to the Debtors' following requests:

> a.    **The Debtors will not close their existing bank accounts.** Credit card payments at the hotel are processed by merchant services companies, such as Bank of America, American Express and others companies. These merchant service companies have the Debtors' Operating Accounts on file and know to send processed payments to the Operating Accounts. Changing the designated accounts takes time and is disruptive. When the prepetition receiver instructed Marshall to make the change it resulted in a freezing of accounts for a period, and in the case of American Express, the Receiver's directions, in conjunction with notice of the Chapter 11 filing, has resulted in a continuing freeze of funds believed to have accumulated to over $100,000 as of the date of the present Motion. Leaving the existing accounts open and allowing those accounts to continue receiving processed payments from merchant services companies will avoid disruption in cash flow and stabilize the Debtor's operations. Additionally, when the Debtors approached Bank of America to open Debtor-in-Possession (DIP) accounts, they were told by the local branch that Bank of America does not handle DIP accounts. Moving to another financial institution would create even greater disruption in the Debtors' cash flow and operations. The Debtors have agreed, however, to promptly obtain and use checks bearing the designation "Debtor In Possession Case No. 19-03908" or "Debtor In Possession Case No. 19-03909" for all accounts that it intends to issue checks from.

> b.    **The Debtors will cooperate with the US Trustee and Access Point Financial to allow 'view only' access to the existing accounts.** Upon information and belief, the Office of the US Trustee has been in contact with Bank of America and confirmed that the Bank will provide quarterly reporting to the Office of the US Trustee on the Debtors' accounts. In prior discussions with counsel for Access Point regarding cash collateral, counsel had requested that his client be allowed 'view only' access to the account, to confirm information contained in the

Monthly Operating Reports (MORs).  While no final agreement has been reached on cash collateral, the request made by Access Point is entirely reasonable and to the extent Bank of America can allow such access, the Debtors have no opposition to the same.

c.   **Marshall will resume its role in handling the Debtors' payables, with modifications.**  The US Trustee has indicated that he does not object to the Debtors resuming their relationship with Marshall (and, as noted by the Court in the Bench Opinion delivered on September 4, 2019, all of the parties to these proceedings are comfortable with Marshall), with certain modifications.  Subject to Court approval, the Debtors will resume transferring funds to the PNC account maintained by Marshall, and Marshall will use the funds received to pay the Debtors' obligations (*see footnote 1, infra*).  The only digressions from the previous arrangement are that:  (1) Unlike the previous circumstances wherein Marshall had the ability to unilaterally transfer funds from the Bank of America accounts, only the Debtor, its principals and employees will have the ability to transfer funds to the Marshall PNC account; (2) Checks issued from the Marshall PNC account will bear the designation "Debtor In Possession Case No. 19-03908"; and (3) Statements from the PNC account, along with the check register and reconciliation of the account will be included in the MORs filed by the Debtor.  On Friday, October 4, 2019, the Debtor received correspondence from Marshall that they were agreeable to these conditions, and the Debtors fully support the arrangement.

15.   The Debtors strongly believe that the foregoing relief is practical, cost-saving and will promote stabilization of the Debtors' operations, which will substantially aid their efforts to reorganize and confirm a plan in this case.  Furthermore, to the extent that the proposed procedures digress from the Operating Guidelines, they do so with little or no prejudice to any party and with minimal risk or burden to any party in interest.

**Management of the Funds Being Deposited to the Bhogal Enterprises Account(s)**

16.   Concurrent with the assignment/transfer of the franchise agreement to Bhogal, the Debtor's principals opened bank accounts on behalf of Bhogal Enterprises.  Similar to Chhatrala, Bhogal opened a Bank of America checking account ending in 2379 referred to as the "Operating Account", and a Bank of America checking account ending in 2337, referred to as the "Liquor Account"  There has been minimal activity (credits or debits) to the liquor account,

however in May of this year, the Debtors began depositing all revenues received from their restaurant and bar operations into the Bhogal Operating Account.[2]  Prior to filing, these funds were regularly transferred from the Bhogal Operating Account to the Chhatrala Operating Account as funds were needed to pay expenses of operation.

17.     On September 16, 2019, the Debtors filed Motions for Substantive Consolidation of their respective estates (the "Consolidation Motions").  As indicated in the Consolidation Motions, it was never the intent of the Debtors to operate separately, or distinguish the assets of their respective estates.  As it stands currently, the restaurant and liquor license generating revenue at the hotel are the property of Chhatrala, and should be going into a Chhatrala account. That said, if the Court grants the Debtors' Motion for Substantive Consolidation, it will be of little consequence where the proceeds of the restaurant and bar sales go, as there will be only one estate.  For the time being however, the Debtors have not seen fit to transfer funds between the estates and the Bhogal Operating Account has just accumulated funds since the filing date.

18.     If and only if the Court does not grant the Debtors' Motion for Substantive Consolidation on October 23, 2019, the Debtors seek permission to transfer any accumulated funds in the Bhogal Operating account to the Chhatrala Operating Account, as the rightful owner of the funds.  Clearly the funds relate to the operation of Chhatrala and the use of its assets, and should be used to pay the expenses of operation of those assets.

---

[2]   The deposit of restaurant and bar revenues into a Bhogal Enterprises account was done in anticipation of the liquor license being correctly registered with Sam Bhogal as the 'responsible person' for the license and transferring the license to Bhogal Enterprises, a process that was started by prepetition counsel retained by the Debtors, but delayed/diverted when Shiva began its foreclosure proceedings.  Counsel for the Debtors has spoken with prepetition counsel regarding his retention as special counsel in these proceedings, and anticipates filing pleadings in the next few days to employ special counsel to continue the proper registration of the liquor license.

## Legal Authority

19.     Section 363(c)(1) of the Bankruptcy Code authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."  The purpose of section 363(c)(1) is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the court. *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997).  Included within the purview of Section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system.  *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996).  Accordingly, the Debtors seek authority under section 363(c)(1) to continue their prepetition cash management procedures as described above.

20.     Even if continuation of the cash management procedures and other relief requested herein is outside of the ordinary course, the Court may approve it pursuant to Section 363 of the Bankruptcy Code.  Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).

21.     In addition, the Court has the authority, pursuant to its equitable powers under Section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under Section 1107(a) of the Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–

33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee."). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a); *see Ionosphere Clubs,* 98 B.R. at 175.  Continuing the Debtors' cash management procedures without further interruption is vital to the Debtors' business operations and the success of this Chapter 11 Case. Therefore, it is within the Court's equitable powers under Section 105(a) to approve the continued use of the cash management procedures.

WHEREFORE, the Debtors respectfully requests entry of orders:

A. Authorizing the Debtors to leave prepetition bank accounts open and not open new DIP bank accounts, but designate Debtor In Possession and the case number of postpetition checks cut from any account;

B. Requiring the Debtors to cooperate with the US Trustee and Access Point Financial to allow 'view only' access to the existing Bank of America accounts;

C. Authorizing the Debtors to allow Marshall Management to resume its role in handling the Debtors' payables, with modifications and granting the relief requested herein and such other and further relief as is just; and

D. Authorizing the transfer of funds in Bhogal Enterprises accounts to Chhatrala accounts in the event that cases are not substantively consolidated.

STEINBERG SHAPIRO & CLARK

/s/ Mark H. Shapiro (P43134)
Attorney for Debtors
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com

Date:   October 9, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,                    Case No. 19-03908-jtg
                                                Chapter 11
                       Debtor.                  Hon. John T. Gregg
_____/

In re:

BHOGAL ENTERPRISES, LLC,                        Case No. 19-03909-jtg
                                                Chapter 11
                       Debtor.                  Hon. John T. Gregg
_____/

**ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO
CONTINUE/ESTABLISH CASH MANAGEMENT PROCEDURES,
INCLUDING LIMITED USE OF EXISTING BANK ACCOUNTS AND USE OF
MANAGEMENT COMPANY**

This matter came before the Court on the Debtors' Motion for authority to
continue/establish cash management procedures, including limited use of existing bank accounts
and use of management company. Notice was properly served on all parties in interest and the
Court is advised that no objections or responses were filed or served. The Court being otherwise
fully advised in this matter finds good cause for granting the relief requested by the Debtors.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** as follows:

1.      The Debtor is authorized to leave its prepetition ('Operating', ending in #4372 and
'Liquor', ending in # 5841) bank accounts with Bank of America open, and shall not be required
to open new DIP bank accounts. The Debtor shall, however, obtain new checks for the existing

accounts, which shall bear the designation "Debtor In Possession Case No. 19-03908" on all postpetition checks cut from the accounts;

2.      The Debtors shall cooperate with the US Trustee and Access Point Financial to allow 'view only' access to any and all accounts they maintain at Bank of America;

3.      The Debtors are authorized to allow its prepetition management company, Marshall Hotels & Resorts, Inc. ("Marshall"), to resume its prepetition role in handling the Debtors' payables, limited/modified as indicated herein.  Specifically, the Debtors will resume transferring funds to the PNC account maintained by Marshall, and Marshall will use the funds received to pay the Debtors' obligations.  The only digressions from the previous arrangement are that:  (1) Only the Debtor, its principals and employees will have the ability to transfer funds from the Debtors' accounts to the Marshall PNC account; (2) Checks issued from the Marshall PNC account will bear the designation "Debtor In Possession Case No. 19-03908"; and (3) Statements from the PNC account, along with the check register and reconciliation of the account will be included in the MORs filed by the Debtor.

4.      In the event the Debtors' Motions for Substantive Consolidation, filed on September 16, 2019, are not granted at the hearing set for October 23, 2019, the Debtors are authorized to transfer any accumulated funds in the Bhogal Operating account to the Chhatrala Operating Account, as the rightful owner of the funds, and to use those funds to pay expenses of the operation of the Debtors' business.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,                    Case No. 19-03908-jtg
23415 Pleasant Meadow Road                       Chapter 11
Diamond Bar, CA  91765                           Hon. John T. Gregg
EIN:  xx-xxx7408

      Debtor.
_____/

In re:

BHOGAL ENTERPRISES, LLC,                         Case No. 19-03909-jtg
23415 Pleasant Meadow Road                       Chapter 11
Diamond Bar, CA  91765                           Hon. John T. Gregg
EIN:  xx-xxx9535

      Debtor.
_____/

**14 DAY NOTICE OF DEBTORS' MOTION FOR AUTHORITY TO
CONTINUE/ESTABLISH CASH MANAGEMENT PROCEDURES,
INCLUDING LIMITED USE OF EXISTING BANK ACCOUNTS
AND USE OF MANAGEMENT COMPANY**

      **Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC,** the above-captioned Chapter 11 Debtors-in-Possession (collectively, the "Debtors"), have filed a motion with the Court for authority to continue/establish cash management procedures, including limited use of existing bank accounts and use of management company (the "Motion").

      <u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the Motion, or if you want the Court to consider your views on the Motion, within 14 days from the date of this notice, you or your attorney must:

1.      File with the court a written objection or request for hearing, explaining your position at:[1]

**INTAKE OFFICE**
**U.S. Bankruptcy Court**
1 Division Ave., N, Room 200
Grand Rapids, MI 49503

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the Court will **receive** it on or before the 14 day period expires.  All attorneys are required to file pleadings electronically.

2.      Mail a copy to:

**STEINBERG SHAPIRO & CLARK**
**c/o Mark H. Shapiro, Esq.**
25925 Telegraph Road, Suite 203
Southfield, MI 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

STEINBERG SHAPIRO & CLARK

 /s/ Mark H. Shapiro (P43134)
Attorney for Debtors in Possession
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com

Date:  October 9, 2019

---

[1] Objection or request for hearing must comply with F.R. Civ.P. 8(b), (c) and (e)

2

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC,                         Case No. 19-03908-jtg
                                                     Chapter 11
                    Debtor.                          Hon. John T. Gregg
_____/

In re:

BHOGAL ENTERPRISES, LLC,                             Case No. 19-03909-jtg
                                                     Chapter 11
                    Debtor.                          Hon. John T. Gregg
_____/

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 9, 2019, I served documents as follows:

Documents Served:          14 Day Notice of Debtors' Motion for Authority to
                           Continue/Establish Cash Management Procedures, Including
                           Limited Use of Existing Bank Accounts and Use of Management
                           Company

Served Upon:               All parties listed on attached matrices

Method of Service:         First Class Mail


                            /s/ Joy L. Brown, Legal Assistant
                           Steinberg Shapiro & Clark
                           25925 Telegraph Road, Suite 203
                           Southfield, MI 48033
                           (248) 352-4700
                           jbrown@steinbergshapiro.com

Label Matrix for local noticing
0646-1
Case 19-03908-jtg
Western District of Michigan
Grand Rapids
Wed Oct  9 10:36:37 EDT 2019

Access Point Financial, LLC
c/o Keller & Almassian, PLC
230 East Fulton St.
Grand Rapids, MI 49503-3211

Chhatrala Grand Rapids, LLC
23415 Pleasant Meadow Road
Diamond Bar, CA 91765-3366

Shiva Management LLC
c/o StevenT. Buquicchio
VARNUM LLP
P.O. Boc 352
Grand Rapids, MI 49501-0352

Western District of Michigan
One Division Ave., N.
Room 200
Grand Rapids, MI 49503-3132

A & T Soft Water, Inc.
6450 Shearer Road
Greenville MI 48838-9100

(p)AMERICAN AUTOMOBILE ASSOCIATION  INC
1000 AAA DRIVE MAIL STOP 8
HEATHROW FL 32746-5063

AT&T
PO Box 5091
Carol Stream IL 60197-5091

Access Point Financial LLC
C/O Keller & Almassian PLC
230 East Fulton
Grand Rapids, MI 49503-3211

Action Plumbing & Mechanical,
1134 Morren Court
Wayland MI 49348-8944

Airgas National Carbonation
Wells Fargo
PO Box 602792
Charlotte NC 28260-2792

Airgas USA, LLC
PO box 802576
Chicago IL 60680-2576

Alesia Renee Griffin
18636 Robson St.
Detroit MI 48235-2809

AmTrust North America
PO Box 6939
Cleveland OH 44101-1939

American Consumer Shows
6901 Jericho Tpke.
Suite 250
Southold NY 11971-4626

American Hotel Register
PO Box 206720
Dallas TX 75320-6720

Andrea Sharp
1611 Jefferson Ave SE
Grand Rapids MI 49507-2505

Arrowwaste, Inc.
PO Box 828
Jenison MI 49429-0828

Ascentium Capital
23970 Highway 59 N
Kingwood TX 77339-1535

Bank of America
Business Card
PO Box 15796
Wilmington DE 19886-5796

Best Cleaners
5925 D 28th Street
Grand Rapids MI 49546-6955

Bhavneet and Suriinder Bhogal
23415 Pleasant Meadow Road
Diamond Bar CA 91765-3366

Cadillac Coffee Company
PO Box 932249
Cleveland OH 44193-0010

Cascade Charter Twp.
Kenneth B. Pierce, Treasurer
2865 Thornhills Ave SE
Grand Rapids MI 49546-7192

Cascade Rental Center
6410 East Fulton
Grand Rapids MI 49546

Champ Sports Travel, LLC
1760 Dorothea Rd.
Berkley MI 48072-2112

Clear Channel Airports
PO Box 847247
Dallas TX 75284-7247

Coca-Cola Distribution
PO Box 809082
Chicago IL 60680-9082

Courtesy Products
PO Box 840020
Kansas City MO 64184-0020

Cozzini Bros., Inc.
350 Howard Ave.
Des Plaines IL 60018-1908

Curtis Equipment Co.
1410 W. Main
PO Box 209
Lowell MI 49331-0209

Cut Acre Lawn Care
303 S. Hardwick Dr. SW
Grand Rapids MI 49548-6720

DTE Energy
PO Box 740786
Cincinnati OH 45274-0786

Delta Hotels- Grand Rapids Air
3333 28th Street SE
Grand Rapids MI 49512-1677

Delta Lighting Products Inc.
2570 Metropolitan Drive
Feasterville Trevose PA 19053-6797

Dormakaba Canada, Inc.
PO Box 896502
Charlotte NC 28289-6502

Dow Jones & Co.
Wall St Jrnl or Barrons
PO Box 4137
New York NY 10261-4137

Edward Don & Company
2562 Paysphere Circle
Chicago IL 60674-0001

Experience Grand Rapids
Attn:  Assessment
171 Monroe Ave., NW Suite 545
Grand Rapids MI 49503-2694

Field's Fire Protection
4303 40th Street SE
PO Box 5935
Grand Rapids MI 49512-4102

Fish Window Cleaning
PO Box 723
Grandville MI 49468-0723

G. Wilson Horde, III
Burr & Forman, LLP
171 Seventeenth St., NW
Ste. 1100
Atlanta GA 30363-1029

GLSCO
PO Box 9
New Baltimore MI 48047-0009

Gordon Food Service
PO Box 88029
Chicago IL 60680-1029

Grainger
Dept. 886984364
Palatine IL 60038-0001

Green Home Cleaning & Restorat
2952 Fingers Drive NE
Grand Rapids MI 49525-1100

Greenleaf Compaction, Inc.
Dept. #2008
PO Box 29661
Phoenix AZ 85038-9661

HD Supply Facilities Maintenan
PO Box 509058
San Diego CA 92150-9058

Hewlett Packard Financial Serv
200 Connell Drive
Suite 5000
Berkeley Heights NJ 07922-2816

Hospitality WiFi
520 E. Montford Avenue
Ada OH 45810-1821

Hotel Credit Association
PO Box 459
Grafton IL 62037-0459

Huntington Bank
801 West Big Beaver Road
Troy MI 48084-4725

ITA Inc.
ITA Audio Visual Solutions
PO Box 633194
Cincinnati OH 45263-3194

InnerWorkings
Attn. Accounts Receivable
7503 Solutions Center
Chicago IL 60677-7005

Intercontinental Hotel Group
PO Box 101074
Atlanta GA 30392-1074

Intermedia.Net Inc.
PO Box 398897
San Francisco CA 94139-8897

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Kent County Treaurer
300 Monroe NW
PO Box Y
Grand Rapids MI 49501-4925

Kingsland Ace Hardware
6549 28th Street SE
Grand Rapids MI 49546-6992

Lawson Products, Inc.
PO Box 809401
Chicago IL 60680-9401

Leslie's Poolmart, Inc.
PO Box 501162
Saint Louis MO 63150-1162

Lifestyles Media Group, LLC
PO Box 51300
Phoenix AZ 85076-1300

M3 Accounting Services, Inc.
1715 N Brown Road
Bldg A, Suite 200
Lawrenceville GA 30043-8119

Marshall Hotels & Resorts Inc.
1315 South Division Street
Salisbury MD 21804-6920

Mary Free Bed Wheelchair & Ada
Attn:  Jeo Pantoja
235 Wealthy St. SE
Grand Rapids MI 49503-5247

Maurer's Textile Rental Servic
PO Box 515
DeWitt MI 48820-0515

Michael D. Almassian
Keller & Almassian, PLC
230 Fulton Street, East
Grand Rapids MI 49503-3211

Michigan Society of Assn Execs
1350 Haslett Road
East Lansing MI 48823-2823

Miltech Inc
3776 Division Avenue
Wayland MI 49348-9757

Model Coverall Service Inc
PO Box 8037
Grand Rapids MI 49518-8037

Model First Aid Safety & Train
PO Box 8037
Grand Rapids MI 49518-8037

Mood Media
PO Box 71070
Charlotte NC 28272-1070

My TBD Sports LLC
PO Box 664
Ankeny IA 50021-0664

Nichols Paper & Supply Co.
2647 Momentum Place
Chicago IL 60689-5326

Office Depot
PO Box 633301
Cincinnati OH 45263-3301

Otis Elevator Company
PO Box 73579
Chicago IL 60673-7579

PM Engraving Company
4621 Clyde Park SW
Wyoming MI 49509-5112

PSE Event Housing LLC
Dept. 5081
PO Box 4110
Woburn MA 01888-4110

Pitney Bowes
PO Box 371896
Pittsburgh PA 15250-7896

Professional Travel & Dolphin
2850 Thornhills Ave SE
Grand Rapids MI 49546-7120

Quality Air Heating & Cooling
3395 Kraft S.E.
Grand Rapids MI 49512-2029

Quality Draft Systems
3876 East Paris SE
Unit 16
Grand Rapids MI 49512-3974

Quality Pool & Spa Inc
3100 Broadmoor SE
Grand Rapids MI 49512-1845

Quore Systems LLC
5000 Meridian Blvd., Suite 400
Franklin TN 37067-6675

RoomRoster LLC
304 Talbot St.
London ON  N6A 2R4

RoomRoster LLC
PO Box 4598
Carol Stream IL 60197-4598

Shiva Management, Inc.
C/O Varnum LLP
P.O. Box 352
Grand Rapids, MI 49501-0352

Sir Speedy
4513 - A Broadmoor SE
Grand Rapids MI 49512-5313

Sitting Pretty Grand Rapids LL
7073 Willard Ave SE
Grand Rapids MI 49548-7359

Soc of Govt Mtg Professionals
3337 Duke St.
Alexandria VA 22314-5219

```
Sonifi Solutions Inc              Team Financial Group Inc          The Embroidery House Inc
PO Box 505225                     650 Three Mile Rd NW              Hardwoods Print & Advertising
Saint Louis MO 63150-5225         Suite 200                         2688 Edward
                                  Grand Rapids MI 49544-1624        Jenison MI 49428-8187


Traveling Teams                   USA Today                         Vistar
PO Box 771954                     PO Box 677446                     PO Box 784866
Detroit MI 48277-1954             Dallas TX 75267-7446              Philadelphia PA 19178-4866


Voss Lighting                     West MI Hispanic Chamber of Co    White Star Tour Inc
Attn:  Accounts Receivable        2007 Division Ave. S              26 E. Lancaster Ave.
PO Box 22159                      Grand Rapids MI 49507-3013        Reading PA 19607-2693
Lincoln NE 68542-2159


Whitecaps Prof Baseball           Wyoming Kentwood Area Chamber     Dean E. Rietberg
PO Box 428                        4415 Byron Center Ave. SW         Trial Attorney
Comstock Park MI 49321-0428       Wyoming MI 49519-4800             Office of the US Trustee
                                                                    The Ledyard Building, 2nd Floor
                                                                    125 Ottawa NW, Suite 200R
                                                                    Grand Rapids, MI 49503-2865


Mark H. Shapiro                   Matthew W. Cheney                 Robert Bassel
Steinberg Shapiro & Clark         Office of the US Trustee          POBox T
25925 Telegraph Road, Suite 203   The Ledyard Building, 2nd Floor   Clinton, MI 49236-0018
Southfield, MI 48033-2527         125 Ottawa NW, Suite 200R
                                  Grand Rapids, MI 49503-2865
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AAA
AAA_ Mail Stop 2
1000 AAA Drive
Lake Mary FL 32746-5063
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Amicus Management, Inc.        (u)Holiday Hospitality Franchising, LLC   (d)Access Point Financial, LLC
                                                                           c/o Keller & Almassian, PLC
                                                                           230 East Fulton
                                                                           Grand Rapids MI 49503-3211


(d)American Automobile Association  (u)Andrea Sharp                        (u)H. Writers LLC
1000 AAA Drive-Mail Stop 8
Heathrow FL 32746-5063
```

```
End of Label Matrix
Mailable recipients   104
Bypassed recipients     6
Total                 110
```

```
Label Matrix for local noticing        Access Point Financial, LLC          Bhogal Enterprises, LLC
0646-1                                  c/o Keller & Almassian, PLC          23415 Pleasant Meadow Road
Case 19-03909-jtg                       230 East Fulton St.                  Diamond Bar, CA 91765-3366
Western District of Michigan            Grand Rapids, MI 49503-3211
Grand Rapids
Wed Oct  9 10:38:24 EDT 2019

Shiva Management LLC                    Western District of Michigan         Access Point Financial, Inc.
c/o StevenT. Buquicchio                 One Division Ave., N.                1 Ravinia Drive
VARNUM LLP                              Room 200                             Suite 900
P.O. Box 352                            Grand Rapids, MI 49503-3132          Atlanta GA 30346-2120
Grand Rapids, MI 49501-0352

American Automobile Association         Bhavneet Bhogal                      Holiday Hospitality Franchisin
1000 AAA Drive-Mail Stop 8             23415 Pleasant Meadow Road           Three Ravinia Dr.
Heathrow FL 32746-5063                  Diamond Bar CA 91765-3366            Ste. 100
                                                                             Atlanta GA 30346-2121

Intercontinental Hotel Group            Surinder Bhogal                      Dean E. Rietberg
PO Box 101074                           23415 Pleasant Meadow Road           Trial Attorney
Atlanta GA 30392-1074                   Diamond Bar CA 91765-3366            Office of the US Trustee
                                                                             The Ledyard Building, 2nd Floor
                                                                             125 Ottawa NW, Suite 200R
                                                                             Grand Rapids, MI 49503-2865

Mark H. Shapiro                         Matthew W. Cheney                    Robert Bassel
Steinberg Shapiro & Clark               Office of the US Trustee             POBox T
25925 Telegraph Road, Suite 203         The Ledyard Building, 2nd Floor      Clinton, MI 49236-0018
Southfield, MI 48033-2527               125 Ottawa NW, Suite 200R
                                        Grand Rapids, MI 49503-2865
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Amicus Management, Inc.               End of Label Matrix
                                         Mailable recipients     14
                                         Bypassed recipients      1
                                         Total                   15
```