UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

CHHATRALA GRAND RAPIDS, LLC, *et al.*,[1]

        Debtor.
_____/

Case No. GG 19-03908-jtg
(Jointly Administered)

Chapter 11

Hon. John T. Gregg

**ORDER ESTABLISHING BAR DATE
FOR FILING PROOFS OF CLAIM AND INTEREST**

      This matter comes before the court upon the Motion to Establish Claims Bar Date(s) [Dkt. No. 174] (the "Motion") filed by Chhatrala Grand Rapids, LLC and Bhogal Enterprises, LLC (collectively, the "Debtors") requesting an order establishing a bar date for filing of proofs of claim or interest in these jointly administered chapter 11 cases pursuant to Fed. R. Bankr. P. 3003(c)(3). The Motion was served pursuant to LBR 9013 and no timely objections were filed. The court conducted a hearing on the Motion on January 9, 2020 at which it decided to grant the relief requested, subject to certain modifications.

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is granted.

      2.      <u>General Bar Date</u>. Except as set forth below, all entities, including governmental entities, holding claims against the Debtors that arose before September 16, 2019 (the "Petition Date") must file proofs of claim and/or interest by March 20, 2020 (the "General Bar Date"). The General Bar Date applies to all claims against the Debtors that arose prior to the Petition Date,

---

[1] The Debtors are Chhatrala Grand Rapids, LLC (Case No. 19-03908) and Bhogal Enterprises, LLC (Case No. 19-03909).

including secured and unsecured nonpriority claims; provided, however, that the General Bar Date does not apply to administrative expenses under 11 U.S.C. § 503(b).

4.  Rejection Bar Date.  Any entity whose claim arises out of the rejection of an executory contract or unexpired lease under 11 U.S.C. § 365 must file a proof of claim within thirty (30) days of service of the order providing for the rejection of the executory contract or unexpired lease (the "Rejection Bar Date").

5.  Amended Schedules Bar Date.  If the Debtors amend their schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim, or to add a new claim, the Debtors shall serve a copy of this Order and the amended schedules to the holders of claims affected thereby.  Any affected entities that have not previously filed a timely proof of claim or interest and that dispute the changes in the Debtors' amended schedules must file a proof of claim or interest within thirty (30) days of service of the amended schedules and this Order (the "Amended Schedules Bar Date").  Nothing in this paragraph shall affect the validity of a previously timely filed proof of claim or interest.

6.  Subject to the terms described in this Order for holders of claims subject to the Rejection Bar Date or the Amended Schedules Bar Date, the following entities must file proofs of claim or interest on or before the General Bar Date:

    a.  any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to share in any distribution in these chapter 11 cases; and

    b.  any entity that believes that its prepetition claim is improperly classified in the schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the schedules.

7. The following entities, whose claims would otherwise be subject to the General Bar Date or the Amended Schedules Bar Date, need not file proofs of claim in these cases:

   a. any entity that has already filed a signed proof of claim against the appropriate Debtor(s) with the Clerk of the Bankruptcy Court for the Western District of Michigan;

   b. any entity (i) whose claim against a Debtor is not listed as disputed, contingent, or unliquidated in the schedules or amended schedules and (ii) who agrees with the nature, classification, and amount of its claim as identified in the schedules or amended schedules; and

   c. any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the court.

8. Entities asserting claims or interests against the Debtors that arose or accrued before the Petition Date must file a proof of claim or interest substantially complying with Official Form B410 with the Clerk of the Bankruptcy Court for the Western District of Michigan at 1 Division Ave. N., Rm. 200, Grand Rapids, Michigan 49503.[2]

9. Any entity filing a proof of claim or interest must identify the particular Debtor against which the entity asserts its claim or interest and file the proof of claim in the bankruptcy case for that particular Debtor.

10. Within two (2) business days of the entry of this Order, the Debtors shall serve a copy of this Order and Official Form B410 by first class-mail, postage prepaid, upon the creditor matrixes maintained in connection with these jointly administered chapter 11 cases and other requisite parties.

11. The court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[2] Electronic filing of proofs of claim may also be available. *See* https://www.miwb.uscourts.gov/filing-proof-claim.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mark H. Shapiro, Esq. and Robert N. Bassel, Esq.

[END OF ORDER]

Signed: January 16, 2020




John T. Gregg
United States Bankruptcy Judge