IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

**CHHATRALA GRAND RAPIDS, LLC[1],**   Chapter 11
 Case No. 19- 03908
　　　　**Debtors.**   Hon. John T. Gregg
_____)   (Jointly Administered)

**ORDER CONFIRMING DEBTORS' CHAPTER 11 PLAN, AS AMENDED AND GRANTING FINAL APPROVAL TO DISCLOSURE STATEMENT**

Debtors having filed their Third Amended Disclosure Statement (Docket No.230) and Fourth Amended Chapter 11 Plan (the "Plan")(Docket No. 345), an Order Granting Preliminary Approval of Debtors' Disclosure Statement having been entered [Docket No. 232], all outstanding objections having been either resolved or overruled[2],

**NOW THEREFORE**, the Court finds and holds:

A.  The Plan has been accepted by the creditors whose acceptance is required by law;

B.  The provisions of Chapter 11 of the Bankruptcy Code have been complied with, and all requirements for confirmation of the Plan and approval of the Disclosure Statement, as amended have been met;

C.  The Plan has been proposed in good faith and not by any means forbidden by law;

D.  Each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date;

E.  All payments made or promised by the Debtor under the Plan or by any other person for services or for costs or expenses, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan, will be subject to approval by the Court;

---

[1] The Debtors in these jointly administered proceedings are: Chhatrala Grand Rapids, LLC; and Bhogal Enterprises, LLC, Case No. 19-3909-jtg

[2] All terms in this Confirmation Order shall have the meanings ascribed to them in the Plan unless noted to the contrary.

F.       The identity, qualifications and affiliations of the persons who are to be directors or officers, if any, of the Debtor after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices, or their continuance, is equitable, and consistent with the interests of the creditors and equity security holders;

G.      The identity of any insiders that will be employed or retained by the Debtor and their compensation has been fully disclosed; and confirmation of the Plan is not likely to be followed by further liquidation, or the need for further financial reorganization, of the Debtor.

The Court is otherwise fully advised in this matter.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** as follows:

1.      Debtors' Plan, as modified by this Confirmation Order, is confirmed and their Disclosure Statement is granted final approval.

2.      In the event of a conversion of this Case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtors shall become property of the Chapter 7 estate.

3.      The Confirmation Order (a) is and shall be effective as a determination that all interests and claims of any kind or nature whatsoever existing as to the Assets as defined in the Plan have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of its office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

4.      For purposes of clarification, any fees incurred pursuant to 28 U.S.C. § 1930(a)(6) are not subject to any administrative expense bar date, whether in the Plan or otherwise.

5.      Notwithstanding anything to the contrary in the Plan, Holders of an Administrative Expense Claim must file a motion in the Bankruptcy Case seeking the allowance of any Administrative Expense Claim which has not been paid within 60 days after the Confirmation Date, unless such Holder previously filed such a request and the request remains pending or was allowed by a prior Order of the Bankruptcy Court. Failure to file timely and serve the required motion or notice by the applicable deadline(s) noted above shall result in the Administrative Expense Claim being forever barred and discharged without payment. Notwithstanding anything hereto, payment of post-petition franchise fees to HHF shall continue to be paid in the ordinary course. HHF is not required to file a request for payment of administrative expenses, and the

requirement for Debtors to make all such payments in the ordinary course is incorporated into this Confirmation Order, in accordance with section 2.2(d) of the Plan.

6.      For purposes of clarification, the Plan's reference in Section 12.9 to the term "Reorganized Debtors" has been deleted, so that the current Section 12.9 provides as follows:

> "**12.9   Further Assurances**. The Debtors and all Holders of Claims receiving Distributions under this Plan and all other parties in interest may and shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan."

7.      For purposes of clarification, with respect to Plan section 12.11, the term "the Liquidating Trust" has been inserted for "that Debtor's Estate" so that current section 12.11 provides as follows:

> "**12.11 Subsequent Conversion**. In the event that following the Effective Date any Bankruptcy Case is converted to a case under chapter 7 of the Bankruptcy Code, all remaining property of the Liquidating Trust as of conversion will become property of that Debtor's Chapter 7 estate."

8.      In addition to the quarterly disbursements schedule required by Article 12.12 of the Plan, the Liquidating Trustee shall file a report or submit a report to the Office of the United States Trustee no less than on an annual basis, similar to the reports filed by Chapter 7 Trustees in the Bankruptcy Court for the Western District of Michigan.

9.      For purposes of clarification, section 2.1(b) of the Plan has been modified to delete the following sentence "The entry of the Confirmation Order shall enjoin any Holder of an Allowed Priority Tax Claim from commencing or continuing any action or proceeding against any responsible person, officer or director of the Debtors that otherwise would be liable to such Holder for payment of a Priority Tax Claim so long as the Debtors are in compliance with this Plan." so that Section 2.1(b) now reads in its entirety,

> "(b)    As with any claims, parties in interest reserve the ability to object to the allowance of the claims filed by the Internal Revenue Service and the State of Michigan."

10.     Debtor shall use its best efforts to locate and file the 2011 Employer's Annual Federal Unemployment (FUTA) Tax Return.

11.     The reorganized Debtor will file a certification with the Court when the Effective Date conditions have either been satisfied or waived by the Debtor.

12.     The Sale to HDDA-Grand Rapids, LLC, a Michigan limited liability company and affiliate and assignee of the Senior Lender Access Point Financial, LLC ("HDDA") is approved pursuant to the terms and provisions of the Plan and the APA, including extending the closing to

occur upon HDDA's request and pursuant to sections 105, 363, 365, 1123(a)(5), 1141(c) and 1146(a) of the Bankruptcy Code, the Debtors are hereby authorized to sell and transfer substantially all of their Assets to HDDA, including the liquor license (subject to approval by any required governmental agencies) pursuant to the terms, conditions and provisions of the APA, free and clear of any Claims, Liens, interests and encumbrances, except for any Assumed Liabilities and Permitted Liens to the extent any are defined in the APA. HDDA, LLC shall be, and hereby is, further entitled and authorized to take possession of the B-Hotel License (L-000194306) and all applicable permits (the "License") from Chhatrala Grand Rapids, LLC and thereby become the owner of the License, subject to the requirements and approval of the Michigan Liquor Control Commission ("MLCC"). The Debtors are further authorized to take any and all actions necessary to consummate and implement the Sale. The Parties anticipate that the Closing Date will occur on June 15, 2020, or such earlier or later date as Buyer may elect by written notice to Seller. If the sale has not closed by June 15, 2020, the Debtor shall file a notice with the Court of the revised Closing Date.

13. This Court hereby authorizes the cancellation of Bhogal Enterprises, LLC's liquor license application associated with RQ-1905-07114 filed with the Michigan Liquor Control Commission. HDDA, LLC shall be, and hereby is, further entitled and authorized to take possession of the B-Hotel License (L-000194306) any and all other bistro licenses and liquor licenseses and all applicable permits associated therewith (the "License") from Chhatrala Grand Rapids, LLC and thereby become the owner of the License, subject to the requirements and approval of the Michigan Liquor Control Commission ("MLCC").

14. For purposes of clarification, Section 3.3(c) now provides as follows in the Debtor's Fourth Amended Plan,

> "(c) <u>Release of Senior Lender</u>. Upon the Effective Date, each of the Debtors, any Person acting by or through them including the proposed Liquidating Trustee, on behalf of the Debtors, and Surinder and Bhavneet Bhogal, or any Person acting by or through them, hereby forever and unconditionally releases Senior Lender and each of the foregoing's respective past and present affiliates, divisions and subsidiaries, each of the foregoing's respective past and present officers, directors, employees, shareholders, managers, attorneys, agents, advisors and representatives, each of the foregoing's respective participants, successors and assigns, including, without limitation, and all past and present officers, directors, employees, shareholders, managers and attorneys from any and all claims, obligations, rights, omissions causes of action, costs, expenses and liabilities, of whatever kind or nature, whether direct or indirect, contingent or absolute, suspected or unsuspected, material or immaterial, known or unknown, whether foreseen or unforeseen, arising on or before the Effective Date, which such Debtors or any of its members, shareholders, directors, officers, affiliates, or guarantors ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever, which are based upon, arise under or in connection with, or are related to in any way, to the Senior Lender loans as to any of the Debtors, or the Bankruptcy Case in any manner whatsoever. Notwithstanding anything to the contrary in the Plan, Surinder and Bhavneet Bhogal shall not be released from any claims

by operation of confirmation of the Debtor's Plan, as amended.

For avoidance of doubt, nothing in this Confirmation Order, or the Fourth Amended Plan, shall affect HHF's rights with respect to any license agreement it may execute with HDDA or other affiliate of Senior Lender.

15. Section 10.2 of the Debtor's Fourth Amended Plan provides as follows: **"Exculpation and Limitation of Liability in Connection With These Chapter 11 Proceedings**. The Debtors, the Senior Lender, the Buyer and the Liquidating Trustee and their respective members, managers, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability to one another or to any Holder of any Claim or interest, or any other party-in-interest, or any of its respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Bankruptcy Case, the negotiation and filing of this Plan, the filing of the Bankruptcy Case, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or gross negligence, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities under this Plan. Notwithstanding anything to the contrary in the Plan, Surinder and Bhavneet Bhogal shall not be released from any claims by operation of confirmation of the Debtor's plan, as amended."

16. Paragraph 3.1 of the APA shall be modified as follows: the words "April 15, 2020" shall be deleted and replaced with "July 1, 2020" and the words "March 1, 2020 shall be deleted and replaced with "June 15, 2020".

17. Pursuant to section 5.2(c) of the Plan, the rejection and termination of the License Agreement shall be 11:59 p.m. on the earlier of the Closing Date or the Effective Date.

18. Pursuant to section 7.4 of the Plan, nothing in the Plan or this Confirmation Order shall prevent HHF from asserting its rights under the License Agreement including, but not limited to, seeking stay relief to terminate or enforce termination of the License Agreement.

19. Pursuant to section 7.5 of the Plan, nothing in the Plan or this Confirmation Order shall constitute a release of the obligations of any guarantor under the License Agreement.

20. In the event of a conflict between the provisions of the Fourth Amended Plan and this Confirmation Order, the provisions of this Confirmation Order shall control.

21. The Liquidating Trustee shall file with the Court a Notice of the Plan Effective Date. The Notice shall be filed within three (3) days of the occurrence of the Effective Date.

22. The claim release language found in paragraph 10.2 of the Fourth Amended Plan of Liquidation (as amended herein), and any similar exculpation language in the Forth Amended Plan of Liquidation, is limited in scope to the period of time after the Petition Date and before the date of the Confirmation Order and does not extend to willful misconduct, gross negligence, fraud,

criminal conduct, bad faith, breach of duty, self-dealing or reckless conduct.

23. The Bankruptcy Court's bench opinion read into the record on April 25, 2020, is incorporated into this Confirmation Order by reference. In the event of any conflict between this Confirmation Order and the bench opinion, the bench opinion shall control.

24. The Court retains jurisdiction to adjudicate any issues which may arise in the future as to whether claims being asserted by any person constitute claims released or covered by Sections 3.3(c) or 10.2 of the Plan.

**Signed: May 8, 2020**




John T. Gregg
United States Bankruptcy Judge